## No. 471

WEIRTON STEEL CO. v. FIRST NAT. BNK.

No. 18671.   Supreme Court of Ohio
Pending Case

On motion to certify record.   Error to the Court of Appeals of Ross County.

126.  BANKS AND BANKING—Right of bank to appropriate a customer's deposits to pay debt due it.

The issues submitted in this case involve three questions of law, as follows:

1. Where the usual relationship of depositor and borrower exists between a bank and one of its customers, has the bank a right upon the insolvency of the customer to off-set afainst the latter's deposit his matured indebtedness to the bank, where the deposit contains monies belonging to a third person, in the absence of knowledge on the part of the bank of the true ownership of the fund?

2. Where a deposit is made in a bank for a special purpose or under a special agreement, can the bank rightfully appropriate the deposit to discharge the depositor's individual indebtedness to the bank?

3. A conflict of opinions between the Ross Court of Appeals in the instant case and the 6th Ohio Circuit Court in the case of Gibsonburg Banking Co. v. Wakeman Banking Co., 20th O. C. C. R. 591.

The first issue was decided in the affirmative, but by a divided court.

The second issue was likewise decided by a divided court first in favor of the plaintiff in error and upon rehearing, against it.

The third issue is sufficiently set forth above, and was not formally considered by the Court of Appeals as appears from its opinion.

The facts in this case are that early in 1922 the Sears & Nicholas Canning Co. became indebted to the Weirton Steel Co., $25,000, on a promissory note, and pledged as security certain commodities manufactured by it to be sold by it as agent of the Steel Co., and the proceeds remitted to the Steel Co. by it.

The Canning Co. sold some of the pledged property, collected the proceeds and deposited the same to its own credit with other moneys belonging to it, with the bank, its regular depositary, and immediately sent checks therefor to the Steel Co.   The Canning Co. was, soon thereafter, placed in the hands of a receiver. Prior to the presentation of the checks amounting to about $1,800, the bank charged to the Canning Co.'s account, certain promissory notes held by it against the Canning Co., thereby practically wiping out the account. At the time the checks were drawn, it had ample funds on deposit to pay them, and its balance did not thereafter fall below the amount of the checks.

The Common Pleas, at the close of the plaintiff's testimony, directed the jury to bring in a verdict in favor of the bank, which it did and judgment was entered in its favor.   From this judgment the Steel Company prosecuted error to the Ross Court of Appeals, and that court reversed the Common Pleas, for the reason that certain evidence which the plaintiff below endeavored to introduce at the trial was excluded.   The court also decided that a bank had a right to off-set a debt against a deposit, even though the deposit contains the money of a third party, if this latter fact is unknown to the bank.

Upon rehearing, the Court of Appeals reversed itself on the question of the exclusion of evidence, but, two to one, decided against the Steel Co. and entered final judgment in favor of the bank.

Attorneys — Williams, Sinks & Williams, Columbus, and Walter Boulger, Chillicothe, for Steel Co.; Wilby H. Hyde, Chillicothe, for defendant.

## No. 452

STATE ex v. WEED

No. 18574.   Ohio Supreme Court

On motion to direct Green Appeals to certify. 2 Abs. 338.   Docketed May 8, 1924.

747.  MANDAMUS—To compel payment for support of minor dependent children.

The above entitled action was one in mandamus, seeking to compel the County Auditor of Greene county to issue and deliver to relator his warrant upon the Treasurer of Greene county, in the sum of $6,740.30, with interest at the rate of six per cent per annum, on statements duly rendered to the auditor by the Board of State Charities; said statements being for board, clothing, personal necessities, etc., furnished to dependent minor children commmitted to the custody of the State Board of Charities by the Juvenile Court of Greene county, under Section 1352-3 GC.   The case is one of the same character to be found in the report of State ex rel Price v. Huwe, 103 OS. 546 and 105 OS. 304 .   The nature of the defense is not known.

Attorneys—C. C. Crabbe, Atty. Gen., and W. E. Benoy, Columbus, for State.