KULL v NORTH HIGH SAV & LOAN CO

Ohio Appeals, 2nd Dist, Franklin Co

No 2571.   Decided Dec 9, 1935

Amerman & Mills, Canton, and Sol Adel-
man, Canton, for plaintiff in error.

Lynch, Day, Pontius & Lynch, Canton,
for defendant in error.

For  full  opinion  see  5  OO  384;  52  Oh
Ap 25.

Baldwin & Nolan, Columbus, for plaintiff in error.

Carl H. Valentine, Columbus, for defendant in error.

## OPINION

By BODEY, J.

The facts disclose that plaintiff furnished to Beard the money which made up the deposits as evidenced by Exhibits "A", "B" and "C", and that each of these certificates was endorsed to plaintiff by Beard immediately after he received the same from the defendant.

Plaintiff's petition does not set forth a claim for recovery on these three certificates of deposit. The cause of action is similar to the common law action of assumpsit for money had and received. Such an action is ex contractu in character and has its foundation in the fiction that a defendant has received money of a plaintiff on an express contract and has refused to pay over or account for the same. In such case, if the express contract is in writing, as in the instant case, such contract may be introduced in evidence in support of plaintiff's claim. This question is discussed generally in 2 R.C.L., 787, §40. This citation authorizes the prosecution of an action similar to that set forth in plaintiff's petition.

In determining the question of the right of recovery of the plaintiff in such an action, however, the court or jury must look to the terms of the express contract which forms the basis of the action. As heretofore stated, the deposit of $300.00 on August 27, 1930, which was evidenced by Exhibit "B", was payable on demand and was not payable subject to any of the rules or by-laws of the company. In other words, this particular deposit was exactly similar to the ordinary deposit made in any banking institution. Plaintiff was entitled to recover the sum of $300.00 with interest on account of this deposit, the evidence not being contradicted that it was her money which went into said deposit, unless the defendant was justified in setting off the same against the indebtedness of Beard. This question will be discussed later on in this opinion.

It is our view that the plaintiff was not

entitled to recover upon the deposits represented by Exhibits "A" and "C", which were non-negotiable in character, and which were payable subject to the constitution and by-laws of the company, unless, in the first instance, she established the fact that she had complied with the constitution and by-laws. One of the by-laws of the company provided in part that "notices of withdrawals may at any time be required." This same by-law provided in substance that such notices should be filed in the order in which they were received and should be "paid from the regular receipts of the association in the order in which they are filed as fast as 50% of the regular receipts of the association will pay them." The evidence disclosed that the defendant company, on May 20, 1931, had provided for the filing of notices of intended withdrawal of deposits, and that said order concerning withdrawals was in effect at the time this action was instituted and tried in the lower court. While the evidence does show that the plaintiff requested the withdrawal of the sum of $25.00 on Exhibit "C" prior to the date of its cancellation, no other evidence of an intention to withdraw the remaining part of the deposit represented by Exhibit "C", or any of the deposit represented by Exhibit "A" is found in this record. Plaintiff contends that the filing of a withdrawal notice and a demand for payment should be deemed unnecessary because the defendant had theretofore repudiated its obligation by having the certificates cancelled. We do not believe that this position is well founded. Although it may be conceded that any demand for the payment of the money represented by these certificates on the part of the plaintiff would be refused by the defendant, still the necessity of the demand provided for in the contract of deposit may not be dispensed with. Plaintiff's right to recover, if such she has, is based upon the fact that her money constituted and made up the two deposits represented by Exhibits "A" and "C". In each instance that money was deposited subject to the constitution and by-laws of the defendant company. The contract entered into by the defendant was to the effect that it would repay said moneys so deposited provided Beard, under whom plaintiff claims, fulfilled certain conditions on his part to be performed. Proof of a substantial compliance with those conditions would be a prerequisite to the right of the plaintiff to recover. The fact that the plaintiff did request the withdrawal of the sum of $25.00 of the deposit represented by Exhibit "C" was a compliance,

in our judgment, with the by-laws of the defendant company to the extent of the amount demanded. This request was refused by defendant. As to this demand, the defendant would be permitted to show that her request had not yet been reached, or that 50% of the regular receipts of the association was not sufficient to pay prior demands for withdrawals which had been made by other depositors, and for that reason her request could not be complied with. Since the plaintiff did comply with the by-laws with reference to the amount of $25.00 represented by the deposit designated Exhibit "C", we are of opinion that she was entitled to recover that amount from the defendant unless the evidence on behalf of defendant showed that its receipts were not sufficient to pay said amount in accordance with the by-laws to which reference has been made. In any event, this was a question of fact which should have been submitted to the jury for its determination.

We now turn our attention to the question concerning the right of the defendant to set off the amounts represented by these three certificates against the indebtedness of Beard. In connection with the brief upon this question, counsel cite the case of **Gibsonburg Banking Co. v The Wakeman Banking Co., 20 C.C., 591,** affirmed without opinion in **66 Oh St, 658, Weirton Steel Co. v First National Bank, 2 Abs 469,** and **Draper, Receiver v May,** a case from Preble County decided by this court on May 4, 1931, **10 Abs 535.** It would appear from an examination of the Gibsonburg Banking Company case that a banking institution may not off-set the deposit of one of its customers against his indebtedness to the bank unless the deposit was made up of his own money. The court quotes the following language from Farmers & Merchants Bank v Farwell, 58 Federal, 633, to-wit:

"In the absence of fraud or gross negligence on the part of third parties, the Bank has no higher right or better title to these moneys entrusted to his deposit than the depositor himself."

By a divided court it was held in the Wierton Steel Company case,
"that a Bank has the right, upon the insolvency of its depositor, to set off against the latter's deposit his secured indebtedness to the Bank, even though the deposit contains money belonging to third persons, if the Bank has no knowledge of the true ownership of the fund."

In the case of Draper, Receiver v May, this court indicated that it was in harmony with both the reasoning and the conclusion reached by the trial judge. The trial judge in that case had made the following statements in his opinion:

"It seems to the court that a little reflection would quickly disclose that the matter of knowledge or want of knowledge is not a germane factor. It is a matter of right as to the third party and the fact that a Bank was devoid of knowledge would not justify any attitude of rapacity after obtaining knowledge of the rights of the third person. Equity would not seek the matter of knowledge as it would the matter of right. Such rapacity would be shocking to the conscience and equity."

It would thus appear that this court, after examining the Gibsonburg Banking Company case and the Weirton Steel Company case, had concluded that the so-called equitable rule was the better and that the same should be applied in its disposition of the case of Draper, Receiver v May. This rule, together with the authorities sustaining the same is set forth in 13 A.L.R., 330. It is as follows:

"A Bank, even though it has no knowledge, either express or implied, that another than the depositor has an interest in the funds deposited in his own name, can not apply such funds to the individual indebtedness to it of the depositor, where such lack of knowledge has not resulted in any change in the Bank's position and no superior equities have been raised in its favor."

It is our view that the above rule is just and equitable. If a banking institution has not changed its position with reference to deposits of a third person which may be in the name of one of its depositors, and of which it had no knowledge, such bank should not be permitted to appropriate the money of said third person to pay indebtedness of the depositor. The equity of the third person in such a deposit is surely equal to the right of the bank. In the case at bar, before the defendant should be permitted to set off the deposit represented by Exhibit "B" or other deposits on which notice had been given, against the indebtness of Beard to it, some evidence should be introduced to the effect that it had changed its position with reference to such deposits and the jury should pass upon the question of claimed superior equities. The

defendant in its answer pleaded that it had withheld foreclosure against Beard because of the reliance which it placed upon said deposits. If such was the case, then certain equities of the defendant had intervened and its position had been changed as set forth in the equitable rule. Whether or not it had withheld foreclosure was a question of fact which could only be determined by the jury. In taking the case from the jury on the defendant's motion for a directed verdict, this question was not properly passed upon. Such action of the trial court was prejudicial to the plaintiff and was erroneous. The case must, therefore, be reversed. Exceptions.

BARNES, PJ, and HORNBECK, J, concur.